UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THEODORE LATHAM, | : | NO. 1:11-CV-00369 |
| Plaintiff, | : | |
| v. | : | |
| ABX AIR, INC., et al., | : | **OPINION AND ORDER** |
| Defendants. | : | |

This matter is before the Court on Defendant ABX Air, Inc.'s Motion to Dismiss (doc. 5), Plaintiff's Response in Opposition (doc. 15), and Defendant's Reply (doc. 17). Also before the Court is Defendant Airline Professional's Association's Motion to Dismiss (doc. 13), Plaintiff's Response in Opposition (doc. 16), and Defendant's Reply (doc. 18). For the reasons indicated herein, the Court GRANTS Defendants' motions and DISMISSES this matter from the Court's docket.

**I. Background**

Plaintiff airline pilot brings this action against his former employer ABX Air, Inc., ("ABX") and the Airline Professionals Association of the Teamsters Local 1224, International Brotherhood of Teamsters (the "Union"), claiming ABX violated terms of a collective bargaining agreement and that the Union intentionally breached its duty to fairly represent him with respect to his seniority (doc. 1). Plaintiff started working

as a pilot for ABX on October 4, 1996, and then became an Assistant Manager of Flight Standards until he was furloughed in August 2009 (Id.). In October 2009, ABX rehired Plaintiff as Manager of Flight Crew Standards and issued him a new hire date for seniority purposes, but then two weeks later eliminated such position and furloughed Plaintiff again (Id.). Plaintiff contends he met with ABX management before leaving and they assured him his original hire date would be reinstated (Id.). A year later, Defendant issued recall letters to furloughed pilots, including pilots with both higher and lower seniority numbers than Plaintiff (Id.). Plaintiff did not receive a letter, and upon inquiry, ABX told Plaintiff that he was stripped of his seniority to settle a grievance with the Union (Id.). Two other management pilots who were furloughed out of management with Plaintiff, received recall letters and were returned to the crew line based on their original hire dates (Id.).

Plaintiff contends ABX's actions amount to a breach of contract for failing to enforce terms of the collective bargaining contract regarding his seniority and for failing to recall him (doc. 1). He further contends ABX intentionally or negligently represented to him that he would retain his seniority based on his original hire date, and negligently represented that any issues with his correct seniority would be corrected (Id.). Plaintiff alleges that both ABX and the Union have acted in bad faith and

2

with malice toward his rights by failing to provide documentation or information regarding his seniority rights (Id.). Next, Plaintiff contends the Union breached its duty of fair representation to him by settling a grievance without notice to Plaintiff that he was being stripped of his seniority (Id.). Finally, Plaintiff seeks declaratory judgment that his seniority be based on his original hire date of October 4, 1996 (Id.).

In their instant motions, both Defendants move to dismiss Plaintiff's Complaint under the theories that it fails to state claims upon which relief may be granted and that Plaintiff's claims are outside the jurisdiction of this Court (docs. 5, 13). Plaintiff has responded and Defendants have replied such that this matter is ripe for the Court's consideration.

## II. Applicable Legal Standard

Rule 12(b)(1) provides that an action may be dismissed for "lack of subject-matter jurisdiction." Fed.R.Civ.P. 12(b)(1). Plaintiffs bear the burden of proving jurisdiction when challenged by a Rule 12(b)(1) motion. Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990)(citing Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 1986)). "[T]he plaintiff must show that the complaint alleges a claim under federal law, and that the claim is substantial." Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc., 287 F.3d 568, 573 (6th Cir. 2002) (internal quotations omitted) (quoting Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1248 (6th Cir. 1996)).

3

"The plaintiff will survive the motion to dismiss by showing 'any arguable basis in law' for the claims set forth in the complaint." Id. (quoting Musson Theatrical, 89 F.3d at 1248).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint.  The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007).  In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible.  Courie, 577 F.3d at 629-30, citing Robert G. Bone, Twombly, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009).  A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the

4

reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id., citing Twombly, 550 U.S. at 557. As the Supreme Court explained,

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be

5

> thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

**III. Discussion**

The parties agree, and the Court does as well, that Plaintiff's contract claim in the first count of his Complaint constitutes a "minor" dispute for purposes of the Railway Labor Act, 45 U.S.C. §§ 151 et seq., because it is premised on an alleged violation of a collective bargaining agreement ("CBA"). Airline Professionals Assoc. v ABX, 400 F.3d 411, 414-15 (6th Cir. 2005) (minor disputes can be resolved by interpreting the terms of the CBA, and if there is any doubt as to whether a dispute is major or minor, a court will construe the dispute to be minor), CSX Transp., Inc. v. Marquar, 980 F.2d 359, 361 n.2 (6th Cir. 1992), Kaschak v. Consolidated Rail Corp., 707 F.2d 902, 904-05 (6th Cir. 1983)(minor disputes are outside a federal court's jurisdiction and are subject to dismissal pursuant to Rule 12(b)(1)). As such, the only way for the Court to exercise jurisdiction over such claim is if Plaintiff successfully alleges a "hybrid" duty of fair representation ("DFR") claim tied to the contract claim. Kaschak, 707 F.2d at 913.

In order to assert a claim for violation of duty of fair representation, a member of the collective bargaining unit must allege the union's conduct toward him is "arbitrary,

6

discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171 (1967). "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." Air Line Pilots Ass'n Int'l v. O'Neill, 499 U.S. 65, 67 (1991)(quoting Ford Motor Co. v. Huffman, 345 U.S. 330, 338 (1953).

In this case, the parties dispute as to whether Plaintiff is a "covered employee" in the collective bargaining unit, as he was a member of managment, and because he had signed a withdrawal card at the time of his "severance" as Defendants frame it, or his "furlough," as Plaintiff frames it. However, the Court need not resolve any of these issues as it is clear that "[a]n employee seeking a remedy for his employer's breach of the collective bargaining agreement and his union's breach of its duty of fair representation must exhaust the grievance and arbitration procedures established by the collective bargaining agreement. . ." Wiggins v. Chrysler Corp., 728 F. Supp. 463, 466 (N.D. Ohio 1989)(citing Republic Steel Corp. v. Maddox, 379 U.S 650, 652-53 (1965)).

As such, if Plaintiff was indeed covered by the CBA, he had a duty to exhaust a grievance with the union, something which the allegations of his Complaint do not show he accomplished. Plaintiff's Complaint makes the bare allegation that "his attempts to pursue this matter through the union and ABX have been futile"

7

(doc. 1). However, he has failed to plead any effort to invoke or exhaust any internal union grievance procedures, or any reason why such failure should be excused. Spicer v. Ford Motor Co., No. 1:10-CV-450, 2011 U.S. Dist. LEXIS 51608, *11-14 (S.D. Ohio, May 13, 2011)(citing LaPerriere v. UAW, 348 F.3d 127, 131 (6th Cir. 2003) for the proposition that an employee has a duty to pursue an appeal with the union even when told at the local level that an appeal would bring no benefits). At most Plaintiff indicates he left a few phone calls with the union that were not returned, and this hardly constitutes hostility rising to the level showing union officials were "so hostile" such that Plaintiff "could not possibly obtain a fair hearing." Clayton v. Int'l Union, 451 U.S. 679, 689 (1981). Under these circumstances, the Court agrees with Defendants that Plaintiff has failed to state a claim against the union for breach of duty of fair representation. Accordingly, the Court also lacks jurisdiction over Plaintiff's breach of contract claim.

Defendant ABX further contends that because Plaintiff did not respond to its challenges to his intentional misrepresentation, bad faith, and declaratory judgment claims, each of such claims should be dismissed, while the union similarly argues on the same basis as to the claim levied against it for bad faith (docs. 17, 18, citing Scott v. Tennessee, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir. 1989)("if a plaintiff fails to respond or otherwise oppose a defendant's motion [to dismiss], the then district court may deem

8

the plaintiff to have waived opposition to the motion), Sharp v. Cleveland Metropolitan School Dist., 2009 U.S. Dist. LEXIS 5358, *6-7 (N.D. Ohio January 12, 2009), Tiernan v. Sigma Capital, Inc. Retirement Savings Plan, No. C-1-09-905, 2010 U.S. Dist. LEXIS 117818 (S.D. Ohio September 30, 2010). The Court finds Defendants' position well-taken, and in any event, concludes that as Plaintiff's federal law claims are dismissed, the Court may properly decline supplemental jurisdiction over these state law claims. For the same reason, the Court declines jurisdiction over Plaintiff's only remaining claim, against ABX, for negligent misrepresentation. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 356 (1988)("[W]hen a removed case involves pendent state-law claims, a district court has undoubted discretion to decline to hear the case.").

**IV. Conclusion**

The Court concludes that because Plaintiff has failed to allege that he exhausted his union remedies prior to filing this lawsuit, and has failed to allege the requisite hostility at every step of the grievance process so as to allow him to forgo such remedies, Plaintiff's claim for breach of duty of fair representation fails. As such, the Court further lacks jurisdiction over his hybrid claim for breach of contract, which constitutes a minor dispute for purposes of the applicable Railway Labor Act. Finally, the Court declines to exercise supplemental jurisdiction over Plaintiff's claim against ABX for negligent

9

misrepresentation, as well as the balance of Plaintiff's claims, which the Court nonetheless considers waived.

Accordingly, the Court GRANTS Defendants' Motions to Dismiss (docs. 5, 13), and DISMISSES this matter without prejudice to refiling.

SO ORDERED.

Dated: June 26, 2012          /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge